IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARI HINKLEY, | ) NO: _____ |
| | ) |
| Plaintiff, | ) |
| | ) COMPLAINT FOR DAMAGES |
| v. | ) |
| | ) |
| OFFICER ELIZABETH LITALIEN, and | ) |
| CITY OF SEATTLE, a municipality, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, MARI HINKLEY, alleges:

## I.   <u>INTRODUCTION</u>

1.1    This is an action for money damages brought pursuant to 42 USC §§1983, and the

Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and

under the common law of the State of Washington and the Constitution of the State of

Washington Section 3; against the City of Seattle for actions taken by its police

officers.  Jurisdiction is based upon 28 USC §§ 1331 and 1342 and this Court has

pendant jurisdiction over the state law claims contained herein, which arise out of the

COMPLAINT - Page 1 of  9

OLYMPIC LAW GROUP, PLLP
2815 Eastlake Ave E, Ste 170
Seattle, WA  98102
206.527.2500   Fax 206.527.7100

same conduct as the federal claim and question under 18 USC §2520 and because pendent jurisdiction serves the interest of judicial economy, convenience and fairness.

1.2    It is alleged that the Defendants, through defendant police officer employee, and the policies of the Seattle Police Department abused process to seize property owned by the plaintiff and then permanently deprived the plaintiff of the property without due process in violation of the state and federal law and the Fifth and Fourteenth Amendment.

## II.    PARTIES

2.1    Plaintiff, Mari Hinkley, is a resident of King County, Washington.

2.2    Defendant, Elizabeth Litalien, is a resident of King County, Washington and an Officer of the Seattle Police Department at all times relevant hereto.   At all times relevant hereto, Officer Litalien was a duly appointed officer of the City of Seattle Police Department, acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, procedures, customs and usage of the City of Seattle.

2.3    Defendant, City of Seattle, is a municipal corporate entity under the laws of the State of Washington and the public employer of Officer Litalien.

## III.    FACTUAL BACKGROUND

3.1    On or about March 15, 2011, Seattle Police Officer Litalien, seized personal property from the plaintiff.   The seizure of the property was a result of a warrant issued, number 11-104.   The affidavit of seized property was identified in King County Superior Court Case No. 11-2-12055-4, and the other related document number for the file was 11-019277.

COMPLAINT - Page 2 of  9

3.2     Officer Litalien sought the warrant based on a complaint from plaintiff Mari Hinkley's

brother that Mari Hinkley was in possession of stolen property alleged to belong to

him or their parents.  The complainant provided Officer Litalien a list of items to be

seized in the warrant.

3.3     Officer Litalien took possession of the Mari Hinkley's personal property pursuant to

the warrant Officer Litalien obtained.

3.4     On March 16, 2011, the day after the seizure of the personal property from Plaintiff,

Officer Litalien unilaterally released multiple valuable items seized from plaintiff and

delivered them to the complaining witness.

3.5     Officer Litalien's release of plaintiff's personal property was done pursuant to City of

Seattle Police Department procedures and policies, Seattle Police Department Policies

and Procedures, Section 7.020, which grants discretion to individual officers to release

property in custody.

3.6     Officer Litalien's release of Plaintiff's personal property to another person was done

without any prior notice to the Plaintiff, and without her consent.

3.7     Officer Litalien's extrajudicial conveyance of Plaintiff's property to another appears to

be the substantial basis for seeking the warrant to seize the Plaintiff's property and

constitutes an abuse of process.

3.8     Between March 16, 2011 and September 30, 2011, Litalien and other officers of the

Seattle Police Department ultimately decided that there was no evidence of any crime

committed by Plaintiff, and closed the investigation.

OLYMPIC LAW GROUP, PLLP
2815 Eastlake Ave E, Ste 170
Seattle, WA  98102
206.527.2500   Fax 206.527.7100

3.9     On or about September 30, 2011, Officer Litalien notified Plaintiff that she should pick up from evidence the property seized on March 15, 2011.

3.10    When Plaintiff went to recover her personal property from police custody, she discovered that many valuable items that were seized on March 15, 2011 were missing and no longer in police custody.  This was the first notice Plaintiff received that the Seattle Police no longer had possession of her personal property.

3.11    Upon further investigation, Plaintiff discovered that the day after the property was seized, on March 16, 2011, Officer Litalien released many of the more valuable seized items from police custody and delivered them to some person other than Plaintiff, without Plaintiff's authorization or knowledge.  This unauthorized release occurred before the investigation had been completed and without any determination as to proper ownership of the property to whether any theft had occurred.

3.12    The property lost by Plaintiff through the defendants' conduct includes numerous pieces of valuable jewelry, family documents, and antique chandeliers.  This property loss was a direct and proximate result of the actions of the defendants.

3.13    Plaintiff has been harmed by the loss of the property, including monetary loss for the replacement value of the property, and has experienced emotional distress from the extrajudicial taking of her personal property in contravention of her rights.

3.14    All the actions taken by Officer Litalien were in the performance of her regular duties as an employee of the Seattle Police Department, City of Seattle, and pursuant to established policies and procedures of the Seattle Police Department.

OLYMPIC LAW GROUP, PLLP
2815 Eastlake Ave E, Ste 170
Seattle, WA  98102
206.527.2500   Fax 206.527.7100

#### IV.   FIRST CAUSE OF ACTION:
#### 42 USC §1983 Against Individual Defendant

4.1    Paragraphs 1.1 through 3.14 are incorporated herein.

4.2    Plaintiff claims damages for the injuries set forth above under 42 USC §1983 against defendant Officer Litalien for abuse of process and conversion of plaintiff's property in violation of plaintiff's constitutional rights and under color of state law.

#### V.   SECOND CAUSE OF ACTION:
#### Abuse of Process

5.1    Paragraphs 1.1 through 4.2 are incorporated herein.

5.2    Officer Litalien had a search warrant issued under a declaration for investigation of alleged theft.  The search warrant was executed at the plaintiff's home and – as alleged above – personal property belonging to the plaintiff was seized.

5.3    The search warrant was issued based on the declaration of Officer Litalien and was executed on March 15, 2011 by Officer Litalien.

5.4    On March 16, 2011, the day after the seizure of the property, Officer Litalien released plaintiff's seized personal property to a person or persons other than the plaintiff.

5.5    The release of the plaintiff's personal property seized by search warrant the day after it was seized, and because the investigation was then discontinued and found to lack probable cause to charge plaintiff with any crimes, the execution of the search warrant was abused to permit an extra-judicial appropriation and transfer of plaintiff's personal property to another.

OLYMPIC LAW GROUP, PLLP
2815 Eastlake Ave E, Ste 170
Seattle, WA  98102
206.527.2500   Fax 206.527.7100

5.6     Defendant Litalien's conduct, as described above, constitutes an abuse of process in violation of the plaintiff's rights under Fourth, Fifth, and Fourteenth Amendment.

## VI.     <u>THIRD CAUSE OF ACTION</u>:
### <u>Conversion</u>

6.1     Paragraphs 1.1 through 5.6 are incorporated herein.

6.2     Defendant Litalien's conduct, as described above, constitutes conversion of the plaintiff's personal property.

6.3     The personal property seized by Officer Litalien was the property of the plaintiff or plaintiff was entitled to possession of that property.

6.4     Officer Litalien's seizure of the plaintiff's personal property and subsequent release of that property to others interfered with plaintiff's possession and permanently deprived plaintiff of personal property by failing to return the property to the plaintiff.

6.5     As a result of this permanent interference with plaintiff's personal property Officer Litalien converted the property in her custody, and plaintiff was damaged by the loss of that property.

6.6     The Plaintiff's damages include but not limited to, actual damages to replace or recover the lost personal property, emotional distress damages and attorney's fees and costs.

## VII.     <u>FOURTH CAUSE OF ACTION</u>:
### <u>Taking Without Due Process</u>

7.1     Paragraphs 1.1 through 6.6 are incorporated herein.

7.2     The defendant officer's conduct described above constitutes a taking of private, personal property without due process of law in violation of the Washington State

COMPLAINT - Page 6 of  9

Constitution, Section 3, and the United States Constitution under the Fifth and Fourteenth Amendments.

7.3     The violation of plaintiff's rights to due process was accomplished through written policy of the Seattle Police Department.

7.4     The defendant City of Seattle lacked any meaningful pre and post deprivation remedy for the loss of the property.

7.5     The Plaintiff is entitled to relief for the Defendants' due process violation, including damages for the lost personal property, emotional distress, and attorney's fees and costs.

## VIII.   FIFTH CAUSE OF ACTION:
## 42 USC §1983 Against City of Seattle

8.1     Paragraphs 1.1 through 7.5 are incorporated herein.

8.2     Prior to March 15, 2011, the City of Seattle Police Department developed and maintained policies and customs exhibiting a deliberate indifference to the constitutional rights of persons in Seattle, which caused the violation of plaintiff's rights.

8.3     The policy of the Seattle Police Department is to give the individual police officers discretion in the release of property seized by the police and in police custody.  This broad delegation of authority to officers to release property in police custody grants the officers uncircumscribed power to dispose of a citizen's property without notice to the owner of the property, and without an opportunity to object and be heard, in deprivation of their rights.

COMPLAINT - Page 7 of 9

OLYMPIC LAW GROUP, PLLP
2815 Eastlake Ave E, Ste 170
Seattle, WA  98102
206.527.2500   Fax 206.527.7100

8.4 As a result of this policy permitting individual officers to release property in police custody, the Defendants Litalien and the City of Seattle were able to dispossess the plaintiff of her personal property without due process.

8.5 The above described policy demonstrated a deliberate indifference by the policy makers in the City of Seattle to the property rights and constitutional rights of citizens in the City, and were the cause of the violations of the plaintiff's rights as alleged herein.

### IX.   <u>PRAYER FOR RELIEF</u>

Plaintiff request that the Court enter judgment against Defendants as follows:

1. Awarding compensatory damages to plaintiff against the defendants joint and severally;

2. Awarding costs of this action to the plaintiff;

3. Awarding reasonable attorney's fees and costs to the plaintiff for the First, Second, Fourth, and Fifth Causes of Action;

4. Awarding Plaintiff injunctive relief baring the defendants from continuing to use the Seattle Police Department Policies and Procedures to deprive citizens of property without due process of law;

5. Awarding Plaintiffs prejudgment interest on any liquidated damage award and economic loss; and

6. Awarding Plaintiffs any additional or further relief which the court finds equitable, appropriate and just.

OLYMPIC LAW GROUP, PLLP
2815 Eastlake Ave E, Ste 170
Seattle, WA  98102
206.527.2500  Fax 206.527.7100

## IX.   JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on all questions of fact raised in this Complaint.

DATED this 5th day of March, 2013.

/s/ Anthony David Gipe
Anthony David Gipe, WSBA No. 30491

OLYMPIC LAW GROUP, PLLP
2815 Eastlake Avenue, Suite 170
Seattle WA  98102
Telephone: (206) 527-2500
Fax: (206) 527-7100
anthony@olympiclaw.com
docs@olympiclaw.com
Attorney for Plaintiff